1
2
3
4  UNITED STATES DISTRICT COURT
5  NORTHERN DISTRICT OF CALIFORNIA
6
7  MATTHEW R. PEREZ,                    Case No. 18-cv-04856-SI
8       Plaintiff,
9       v.                              **ORDER**
                                        Re: Dkt. No. 15
10 R. BINKELE, et al.,
11      Defendants.
12
13      In this *pro se* civil rights action, plaintiff has sued several correctional officials, as well as a doctor and nurse at a local hospital, for damages based on a search for contraband believed to be hidden in plaintiff's body. The court set a dispositive motion deadline of April 26, 2019.

Defendant Jeffrey Bass, M.D., has filed an *ex parte* application for an order extending the deadline to file a motion for summary judgment. Docket No. 15. Two days after filing that application, he filed a Rule 12(b)(6) motion to dismiss the complaint.

Upon due consideration of the application and the accompanying declaration of attorney Adam Stoddard, Dr. Bass' application for an order extending the deadline to file a motion for summary judgment is GRANTED. Docket No. 15. The deadline for Dr. Bass to file a motion for summary judgment will be set, if necessary, after the court rules on Dr. Bass' recently filed motion to dismiss.

The briefing schedule for dispositive motions set in the order filed February 20, 2019 (Docket No. 11) applies to Dr. Bass' motion to dismiss. That is, plaintiff must file and serve his opposition to the motion to dismiss no later than **May 24, 2019**, and Dr. Bass must file and serve his reply (if any), no later than **June 7, 2019**.

Because Dr. Bass is represented by private counsel who may be unfamiliar with prisoner litigation, the court provides some information about the handling of cases in this court when a plaintiff is a prisoner proceeding *pro se*. First, motions are not scheduled for hearings and instead are decided on the papers presented by the parties. This is done to avoid the scheduling difficulties and expense involved in transporting a prisoner to the courthouse unless necessary for a trial or when the court on its own motion deems it appropriate. Second, due to prisoners' generally limited access to the prison law library, the court sets generous briefing schedules that often are much longer than would be set under the local rules. Third, as a *pro se* prisoner case, this case is exempt from the initial disclosure and initial case management conference requirements of the local rules and the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 26(a)(1)(B)(iv); N. D. Cal. Local Rule 16-2 and 16-7. The order of service, with its scheduling provisions, functions as the case management order. *See* N. D. Cal. Local Rule 16-7. That order of service authorizes the parties to engage in discovery. Docket No. 9 at 11 ("Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16 is required before the parties may conduct discovery.") If defendants want to take plaintiff's deposition, they do not need a further court order but do need to contact the prison directly to make the necessary arrangements. Fourth, the requirement that the parties meet and confer before presenting any discovery disputes to the court remains in place although the requirement may be satisfied by meeting and conferring via letters or telephone calls, rather than meeting and conferring in person. Fifth, a defendant may file a waiver of reply rather than an answer to the complaint, *see* 42 U.S.C. § 1997e(g)(1), unless the court otherwise orders (which the court generally does not do unless the case survives past the motion for summary judgment stage and is headed for trial).

**IT IS SO ORDERED**.

Dated: April 8, 2019

_____
SUSAN ILLSTON
United States District Judge