UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATTHEW R. PEREZ,<br>Plaintiff,<br>v.<br>E. MOORE, et al.,<br>Defendants. | Case No. 18-cv-04856-SI<br><br>**ORDER DENYING MOTION FOR RECONSIDERATION**<br>Re: Dkt. No. 45 |

Plaintiff has filed a motion for reconsideration, asking the Court to vacate its earlier dismissal of defendant Clement. Docket No. 45. He asks that Clement be reinstated as a defendant and that service of process be ordered on her.

In this district, no pre-judgment motion for reconsideration under Local Rule 7-9 may be brought without leave of court. *See* N.D. Cal. Civil L.R. 7-9(a). The moving party must specifically show: (1) that at the time of the motion for leave, a material difference in fact or law exists from that which was presented to the court before entry of the interlocutory order for which the reconsideration is sought, and that in the exercise of reasonable diligence the party applying for reconsideration did not know such fact or law at the time of the interlocutory order; or (2) the emergence of new material facts or a change of law occurring after the time of such order; or (3) a manifest failure by the court to consider material facts which were presented to the court before such interlocutory order. *See* Civil L.R. 7-9(b).

Plaintiff does not show that, in the exercise of reasonable diligence, he could not have learned of defendant Clement's address before entry of the order dismissing her. Plaintiff does not satisfactorily explain his extreme delay in finding the address and providing it to the Court. On April 29, 2019, plaintiff was ordered to provide a current address for nurse Clement no later than

June 30, 2019, so that she could be served with process. Docket No. 22. Plaintiff was warned that, if he "does not provide the information by that deadline, nurse Clement will be dismissed from this action without prejudice to plaintiff filing another action against her if he ever locates her." *Id.* at 2. After waiting several weeks beyond the June 30 deadline, the court dismissed defendant Clement on August 8, 2019, because plaintiff had not provided the needed information. Docket No. 29. There is no indication that plaintiff did *anything* to attempt to locate Clement before the June 30 deadline. Plaintiff asked his girlfriend on August 28, 2019 (i.e., twenty days after Clement was dismissed), to try to find Clement; the girlfriend found an address for Clement, and sent it to plaintiff on or before September 5, 2019. Docket No. 45 at 6. Plaintiff then waited almost five more months to file his motion for reconsideration based on that information. Docket No. 45. That delay is unjustified. He did not exercise the diligence required under Local Rule 7-9(b) for the court to reconsider its earlier order.

Other reasons also weigh against reconsideration here. Further delay while service of process is attempted on Clement at the new address would work to the detriment of the other defendants and be contrary to sound case management principles. This case is already about 18 months old and the existing defendants' dispositive motions have been pending for three months. Plaintiff missed the original deadline for his oppositions to those motions and had to obtain an after-the-fact extension of the deadline – after defendants had already filed reply briefs and the court had begun working on the motions.[1] Additionally, there is a reasonable possibility that the address provided for Clement may no longer be a current address because it was obtained more than five months ago and Clement is a "travelling nurse," a position that involves occasional moves to new locations. *See* Docket No. 45 at 6-7.

Plaintiff will not suffer undue prejudice if the motion is denied because he is within the limitations period to file a new § 1983 action against Clement. The events and omissions giving

---

[1] Plaintiff's opposition to the correctional officials' motion for summary judgment and his opposition to Dr. Bass' motion to dismiss were both due on December 20, 2019. *See* Docket No. 34. More than two weeks after the deadline, he requested an extension of the deadline. Docket No. 43. The court granted the request, and the deadline for his opposition is now February 28, 2020. Docket No. 44.

rise to his claim against Clement occurred in August 2016, less than four years ago. *See generally* Cal. Code Civ. Proc. § 335.1 (residual limitations period is two years), § 352.1 (tolling for up to two years for the disability of imprisonment). Plaintiff should not have statute-of-limitations problems for a new § 1983 action against Clement if he acts with reasonable diligence to file that action.

The Court sets generous deadlines in *pro se* prisoner actions in recognition that such prisoners may have difficulties in accomplishing certain litigation tasks. But the Court expects that prisoners, like other litigants, be diligent and meet the deadlines that are set. Plaintiff failed to exercise diligence to try to comply with the order to provide an address for Clement and failed to exercise diligence to seek reconsideration of the dismissal of Clement once he did learn that address. For all these reasons, the motion for reconsideration is DENIED. Docket No. 45.

**IT IS SO ORDERED**.

Dated: February 10, 2020

_____
SUSAN ILLSTON
United States District Judge